# EXHIBIT 5
# PART F

UNITED STATES DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES

| | |
|---|---|
| JONATHAN M. ZANG, )<br><br>Complainant, )<br><br>v. )<br><br>FIDELITY MANAGEMENT & RESEARCH )<br>COMPANY, FMR CO., INC., FMR CORP., )<br>FIDELITY SELECT PORTFOLIOS, and )<br>FIDELITY TREND FUND, )<br><br>Respondents. ) | CASE NO. 2007-SOX-27<br>Hon. Colleen A. Geraghty |

## COMPLAINANT'S NOTICE TO TAKE DEPOSITION OF STEPHEN JONAS

PLEASE TAKE NOTICE THAT, pursuant to 29 C.F.R. § 18.22, Complainant Jonathan M. Zang will take the deposition upon oral examination of Stephen Jonas at 9:00 a.m. on December 3, 2007, at 101 Arch Street, 3rd Floor, Boston, MA 02110. The matters on which examination is contemplated are described in Attachment A. This deposition will be recorded by videotape and/or stenographically before a Notary Public or other officer authorized to administer oaths, and will be for the purpose of discovery of evidence, for use at trial, and for other lawful purposes. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

Respectfully submitted,



R. Scott Oswald
Nicholas Woodfield
Jason Zuckerman
The Employment Law Group, PC
888 17th St. NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835(facsimile)
soswald@employmentlawgroup.net
acarter@employmentlawgroup.net
jzuckerman@employmentlawgroup.net
*Attorneys for Complainant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Complainant's Notice

to Take Deposition of Stephen Jonas was served via email this 22nd day of October, 2007, upon:


Wilfred J. Benoit Jr., Esq.
GOODWIN PROCTER LLP
53 State Street
Exchange Place
Boston, MA 02109
wbenoit@goodwinprocter.com

Nicholas Woodfield

2

# ATTACHMENT A[1]

1.  Any integration of operations between Fidelity Management & Research Company, FMR Co., Inc., FMR Corp., Fidelity Select Portfolios, and/or Fidelity Trend Fund.

2.  The role Fidelity Select Portfolios plays in employment matters regarding employees of Fidelity Management & Research Company, FMR Co., Inc., and/or FMR Corp. (including Jonathan Zang).

3.  The role Fidelity Trend Fund plays in employment matters regarding employees of Fidelity Management & Research Company, FMR Co., Inc., and/or FMR Corp. (including Jonathan Zang).

4.  Any overlap in management between Fidelity Management & Research Company, FMR Co., Inc., FMR Corp., Fidelity Select Portfolios, and/or Fidelity Trend Fund.

5.  Whether Fidelity Management & Research Company, FMR Co., Inc., and/or FMR Corp. were contractors of Fidelity Select Portfolios, and/or Fidelity Trend Fund.

6.  The nature of the contractual relationship, including the responsibility of the parties, between FMR Co., FMRC, FMR Corp., and Fidelity Select Portfolios and/or Fidelity Trend Fund.

7.  The extent to which Fidelity Select Portfolios and/or Fidelity Trend Fund, or officials of Fidelity Select Portfolios and/or Fidelity Trend Fund, may have been involved in employment issues regarding employees of Fidelity (including Jonathan Zang).

8.  The scope and extent of any agency relationship between FMR Co., FMR Corp., FMRC, and Fidelity Select Portfolios and/or Fidelity Trend Fund.

---

[1] The definitions in Complainant's First Set of Interrogatories apply to these topics.