# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN M. ZANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIDELITY MANAGEMENT & RESEARCH ) <br> COMPANY, FMR CO., INC., and ) <br> FMR LLC f/k/a FMR CORP., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 08-CV-10758-DPW |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED
### RULE 12(b)(6) MOTION TO DISMISS AND/OR REMAND

Plaintiff Jonathan M. Zang ("Zang") respectfully opposes Defendants' Renewed Rule 12(b)(6) Motion to Dismiss and/or Remand, filed on October 7, 2008 (the "Motion").  For all of the reasons originally set forth in Zang's Memorandum in Opposition to Defendants' Motion to Dismiss and/or Remand, filed on July 24, 2008 (Docket Entry 16) ("Opposition"), and Zang's Surreply Memorandum in Further Opposition to Defendants' Motion to Dismiss and/or Remand, filed on August 15, 2008 (Docket Entry 23) ("Surreply"), the Defendants' Motion should be denied.

Zang also brings to the Court's attention two developments since the August 15, 2008 hearing on Defendants' original motion to dismiss, which bear on the appropriateness of this Court's exercise of jurisdiction over this action pursuant to Section 806 of the Sarbanes-Oxley Act of 2002 ("SOX").

First, on August 26, 2008, the United States Department of Labor Administrative Review Board (the "ARB") issued a Final Decision and Order dismissing Zang's SOX

complaint (the "ARB Decision"). A true copy of the ARB Decision is attached hereto as Exhibit A. The ARB noted that Zang had filed the action herein, and that a decision on the Defendants' Motion was not imminent. *See* ARB Decision at 1-2. The ARB further noted that SOX provides that "[i]f the [ARB] has not issued a final decision within 180 days of the date on which the complainant filed the complaint and there is no showing that the complainant has acted in bad faith to delay the proceedings, the complainant may bring an action at law or equity for de novo review in the…district court." *Id*. at 2. The ARB stated that Zang had filed such an action in this Court before the Department of Labor had issued a final decision in his complaint, and that the respondents had not established any bad faith by Zang to delay the proceedings. *Id*. As a result, the ARB found that Zang properly "exercised his right to remove his SOX case to district court pursuant to 29 C.F.R. § 1980.114," and entered its Final Decision and Order dismissing his complaint. *Id*. Consequently, Zang's SOX complaint is no longer before the ARB, and the Defendants' request for an order of mandamus is without merit.

Second, on September 9, 2008, the authors of Section 806 of SOX, United States Senator Patrick Leahy, Chairman of the Senate Judiciary Committee, and Senator Charles E. Grassley, a member of that committee, sent a letter to the United States Secretary of Labor, Elaine Chao (the "Chao Letter"), expressing their disagreement with the Administration's "overly restrictive interpretation of [Section 806] to dismiss a majority of the complaints filed by employees of public corporations under this section." A true copy of the Chao Letter is attached hereto as Exhibit B. In particular, Senators Leahy and Grassley stated that Congress enacted SOX's whistleblower protections in response to the misuse and abuse of shell corporations and subsidiaries in the fraud perpetrated by Enron

Corporation, and that the protection of whistleblowers, and thus the protection of the investing public, would be thwarted if public companies could avoid coverage under Section 806 merely by operating through non-public subsidiaries.  *See* Chao Letter at 2.  Noting that, despite the statute's "broad language," the Department of Labor had dismissed a majority of SOX whistleblower cases on the grounds that the employee was employed by a non-public subsidiary of a public company, rather than by the public company directly, Senators Leahy and Grassley said "as the authors of this provision, we can clearly state that it was by no means our intention to restrict these important whistleblower protections to a small minority of corporate employees or to give corporations a loophole to retaliate against those who would report corporate fraud by operating through subsidiaries." *Id*. at 1-2.

As further set forth in Zang's Opposition and Surreply, Zang was a covered employee under Section 806 because he was employed by the Defendants; the Defendants performed all or substantially all of their activities as contractors, subcontractors, and/or agents of, and on behalf of, the approximately 350 public Fidelity investment companies; and the public Fidelity investment companies were companies required to file reports under Section 15(d) of the Securities Exchange Act of 1934.  To permit the Defendants to avoid coverage merely by operating their public investment companies through non-public affiliates which were formed for the express purpose of operating and managing the public investment companies would invoke the same loophole that Senators Leahy and Grassley adamantly stated Congress did not intend, and would likewise thwart SOX's intended protection of the investing public.

For all of these reasons as well, the Defendants' Motion should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JONATHAN M. ZANG<br>By his attorneys, |
|  | /s/ Nicholas J. Rosenberg<br>Alan D. Rose (BBO #427280)<br>Nicholas J. Rosenberg (BBO #643366)<br>ROSE, CHINITZ & ROSE<br>One Beacon Street, Fourth Floor<br>Boston, MA  02108 |
| Dated: October 24, 2008 | Tel: 617-536-0040 |

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) October 24, 2008.

/s/ Nicholas J. Rosenberg
Nicholas J. Rosenberg