# EXHIBIT A

**U.S. Department of Labor**                    Administrative Review Board
                                                200 Constitution Avenue, N.W.
                                                Washington, D.C. 20210



In the Matter of:


JONATHAN M. ZANG,                               ARB CASE NO. 08-078

                    COMPLAINANT,                ALJ CASE NO.  2007-SOX-027

        v.                                      DATE:  AUG 2 6 2008


FIDELITY MANAGEMENT &
RESEARCH CO., FMR CO., FMR CORP.,
FIDELITY SELECT PORTFOLIOS, and
FIDELITY TREND FUND,

            RESPONDENTS.


BEFORE:    THE ADMINISTRATIVE REVIEW BOARD

Appearances:

*For the Complainants:*
     Alan D. Rose, Esq., *Rose, Chinitz & Rose*, Boston, Massachusetts

*For the Respondents:*
     David A Kotler, *Dechert LLP*, Princeton, New Jersey


## FINAL DECISION AND ORDER

        Jonathan M. Zang, the Complainant, filed a petition requesting the Administrative
Review Board to review a Decision and Order Granting Summary Decision Dismissing
Complaint issued by a Department of Labor Administrative Law Judge on March 27,
2008, in this case arising under the whistleblower provisions of the Sarbanes-Oxley Act
of 2002 (SOX).[1]  On April 16, 2008, Zang filed a notice of substitution of counsel and a
Notice of Intent to File Sarbanes-Oxley Complaint in United States District Court.
Accordingly, we ordered the parties to show cause no later than May 15, 2008, why the
Board should not dismiss Zang's appeal pursuant to 29 C.F.R. § 1980.114.

---

[1]      18 U.S.C.A. § 1514A (West Supp. 2005).

The Respondents filed an opposition to the Order to Show Cause indicating that they intended to file a motion with the district court to dismiss Zang's complaint with prejudice or in the alternative "to exercise its inherent authority to stay the action and issue a mandamus to the Department of Labor to issue a ruling on Zang's appeal of the ALJ's decision dismissing his complaint." Because we believed that the district court's ruling was imminent and in the interest of judicial economy, we held this case in abeyance pending the district court's ruling on the Respondents' motion.

It has now become apparent that the district court will not rule on the Respondents' motion imminently. If the Board has not issued a final decision within 180 days of the date on which the complainant filed the complaint and there is no showing that the complainant has acted in bad faith to delay the proceedings, the complainant may bring an action at law or equity for de novo review in the appropriate United States district court, which will have jurisdiction over the action without regard to the amount in controversy.[2]   While the Respondents argued that Zang "requested and obtained a significant delay in the hearing schedule,"[3] they have not established that Zang acted in bad faith. Accordingly, because Zang has exercised his right to remove his SOX case to district court pursuant to 29 C.F.R. § 1980.114, and the Respondents have not established that Zang has acted in bad faith to delay the proceedings, we **DISMISS** Zang's SOX appeal.

**SO ORDERED.**

_____
**M. CYNTHIA DOUGLASS**
**Chief Administrative Appeals Judge**

_____
**OLIVER M. TRANSUE**
**Administrative Appeals Judge**

---

[2]     18 U.S.C.A. § 1514A(b)(1)(B); 29 C.F.R. § 1980.114. As is the usual case, by the time the Board received the petition for review, the 180-day period for deciding the case had already expired.

[3]     Respondents' Memorandum Showing Cause Why Zang's Appeal Should Not Be Dismissed at 2.

## ADMINISTRATIVE REVIEW BOARD

### Certificate of Service

| | | |
|---|---|---|
| **ARB CASE NAME:** | | *Jonathan M. Zang v. Fidelity Management & Research Company, FMR Co., Inc, FMR Corp., Fidelity Select Portfolios, and Fidelity Trend Fund* |
| **ARB CASE NO.** | : | 08-078 |
| **ALJ CASE NO.** | : | 07-SOX-27 |
| **DOCUMENT** | : | **FINAL DECISION AND ORDER** |

A copy of the above referenced document was sent to the following persons on

_____AUG 2 6 2008_____.

*[signature]*

**CERTIFIED MAIL**:

Alan D. Rose, Esq.
Nicholas J. Rosenberg, Esq.
Rose, Chinitz & Rose
29 Commonwealth Avenue
Boston, MA  02116

Wilfred J. Benoit Jr., Esq.
Goodwin Procter, LLP
53 State Street
Exchange Place
Boston, MA  02109

David Kotler, Esq.
Dechert LLP
Suite 500
902 Carnegie Center
Princeton, NJ  08540-6531

**REGULAR MAIL:**

Regional Administrator
Region 1
U.S. Department of Labor, OSHA
Room E-375
JFK Federal Building
Boston, MA  02203

Directorate of Enforcement Programs
U.S. Department of Labor, OSHA
Room N-3603, FPB
200 Constitution Avenue, N.W.
Washington, D.C.  20210

Associate Solicitor
Division of Fair Labor Standards
U.S. Department of Labor
Room N-2716, FPB
200 Constitution Avenue, N.W.
Washington, D.C.  20210

Regional Administrator
Region 1
U.S. Department of Labor, OSHA
Room E340
JFK Building
Boston, MA  02203

Gregory Jacobs, Esq.
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave., NW
Room S-2002
Washington, DC  20210

John M. Vittone
Chief Administrative Law Judge
Office of Administrative Law Judges
U.S. Department of Labor
800 K Street, N.W., Suite 400
Washington, D.C.  20001-8002

Daniel Colleen A. Geraghty
Administrative Law Judge
Office of Administrative Law Judges
O'Neill Federal Building – Room 411
10 Causeway Street
Boston, MA  02222