**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JONATHAN M. ZANG,                                    )
                                                     )
                              Plaintiff,             )
                                                     )
              v.                                     )        No. 08-CV-10758 DPW
                                                     )
FIDELITY MANAGEMENT & RESEARCH                       )
COMPANY, FMR CO., INC., and FMR LLC f/k/a/ FMR       )
CORP.,                                               )
                              Defendants.            )
                                                     )
                                                     )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANTS' COMMENT ON NOTICE OF**
**SUPPLEMENTAL AUTHORITY SUBMITTED BY PLAINTIFF**

Defendants Fidelity Management & Research Company, FMR Co., Inc., and FMR LLC (collectively "Fidelity") respectfully submit the following comment on the recent decision of the First Circuit Court of Appeals, *Day v. Staples, Inc.,* No. 08-1689, (1st Cir. Feb. 9, 2009), submitted in Plaintiff, Jonathan Zang's ("Zang") February 13, 2009 Notice of Supplemental Authority.

In *Day,* the First Circuit affirmed a grant of summary judgment dismissing a Sarbanes-Oxley ("SOX") whistleblower claim because the undisputed facts showed that the plaintiff "did not have the needed objectively reasonable belief that his employer had violated one of the laws set forth in § 1514A." *Day*, at 33. The court held that the reasonableness of the plaintiff's belief that Staples had defrauded shareholders by manipulating accounting data in an unlawful manner "must be measured against the basic elements of the laws specified in the statute." *Id.* at 27. Because there was no showing that plaintiff's alleged whistleblowing activity concerned

1

allegations that at least approximated the basic elements of a claim under one of the laws or regulations enumerated in § 1514A of SOX, the court dismissed the whistleblower claim. *Id.* at 27-32. This portion of the decision is relevant to Zang's allegations that he "reasonably believed that Fidelity's disclosures . . . were misleading," (Complaint ¶ 55), and that Fidelity had violated various federal laws related to fraud against shareholders. (Complaint ¶¶ 56-70). In particular, the First Circuit held that the undisputed evidence established that plaintiff did not have an objectively reasonable basis for believing that Staples had made an intentional misrepresentation, nor that any alleged inaccuracy was material to shareholders—two essential elements of a securities fraud claim. In addition, the court noted that "[a] company's explanations given to the employee for the challenged practices are also relevant to the objective reasonableness of an employee's belief" such that the plaintiff's beliefs "became less reasonable as he was given explanations." *Day,* at 32-33. This portion of the *Day* decision is relevant to pages 12-18 of Fidelity's Memorandum in Support of Defendant's Motion to Dismiss and/or Remand (the "Opening Memorandum"), and pages 15-17 of Fidelity's Reply Memorandum in Further Support of Defendant's Motion to Dismiss and/or Remand (the "Reply Memorandum"), both of which address the issues described in the communications that Zang claims constituted protected whistleblowing activity.

*Day v. Staples, Inc.* is also relevant to the Court's consideration of Fidelity's motion to dismiss Zang's state law wrongful discharge claim. In *Day*, the First Circuit affirmed the dismissal of plaintiff's state law wrongful discharge claim based on defendant's alleged violation of SOX because "[i]t would be entirely inappropriate for plaintiff to be able to use a federal statute designed to address the inadequacies of state law to create a new common law cause of action under Massachusetts law." *Id.* at 37. This portion of the decision is relevant to pages 18-

2

19 of Fidelity's Opening Brief, and pages 17-18 of Fidelity's Reply Memorandum, which

explain that Zang cannot rely on SOX as the source of the public policy underlying his claim.

Additionally, the First Circuit held that plaintiff's wrongful discharge claim did not satisfy the

elements of existing state law because "[t]he Massachusetts public policy exception for

whistleblowing does not protect an 'employee's internal complaint about company policies.'"

*Id.* (quoting *Shea v. Emmanuel Coll.*, 682 N.E.2d 1348, 1350 (Mass. 1997).  This portion of *Day*

is relevant to pages 19-20 of Fidelity's Opening Memorandum, which explains that Zang's

alleged protected activity was merely an expression of disagreement with Fidelity's business

judgment.

In addition, the First Circuit stated in *Day* that the Department of Labor's SOX

regulations are "entitled to *Chevron* deference."  *Day*, at 23, n.7.  The issue of *Chevron*

deference on the SOX coverage issue appears in footnote 4 of Plaintiff's Memorandum In

Opposition To Defendant's Motion To Dismiss And/Or Remand (the "Opposition

Memorandum"), and footnote 1 of Fidelity's Reply Memorandum.  The First Circuit's statement

regarding *Chevron* deference is *dicta* and not binding on this Court, because it was made in the

context of considering SOX's "reasonable belief" requirement, which the regulations do not

define; the Court therefore did not defer to the regulations or rely on them, rather it consulted

caselaw and legislative history to interpret the Act.  *Day*, at 23-24.  Moreover, the statement is

not persuasive and is inapplicable to the regulatory provision cited by plaintiff Zang for three

reasons:  First, *Chevron* deference can apply only where Congress has left room for the agency's

interpretation.  *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837,

842-43 (1984).  The statutory language is clear for reasons set forth in Fidelity's Opening

Memorandum at 8-12, including the provision's title, which is properly considered to "shed light

on some ambiguous word or phrase." *Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 529 (1947). Second, the DOL regulations disclaim any intent to invoke the DOL's interpretative authority and thus cannot command *Chevron* deference. *See* Fidelity's Reply Memorandum at n.1 (the regulations "are procedural in nature and not intended to provide interpretations of the Act"); *Navarro v. Pfizer Corp.*, 261 F.3d 90, 99 (1st Cir. 2001) ("To warrant *Chevron* deference, Congress must actually delegate authority to that agency, and the agency must invoke that authority.") (citation omitted). Moreover, Congress's delegation to the Secretary of Labor to enforce the SOX whistleblower provisions by formal adjudication, *Day*, at n.7, does not constitute a delegation to OSHA to interpret the statute by regulation. And third, even supposing *Chevron* applied, plaintiff's proffered interpretation is unreasonable, as shown in Fidelity's Opening Memorandum at 8-12.

Dated: February 17, 2009

                                       Respectfully submitted,
FIDELITY MANAGEMENT & RESEARCH
COMPANY, FMR CO. INC., and FMR LLC,

By their attorneys,

/s/ Wilfred J. Benoit
Wilfred J. Benoit, Jr. (BBO #037900)
Ethan Z. Davis (BBO #668973)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
wbenoit@goodwinprocter.com
edavis@goodwinprocter.com

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 17, 2009.

/s/ Wilfred J. Benoit

LIBA/1970002.2